ROBERT S. CROWDER (BAR NO. 199556)
robert.crowder@ffslaw.com
RUSSELL R. FISK (BAR NO. 227634)
russell.fisk@ffslaw.com
**FREEMAN, FREEMAN & SMILEY, LLP**
1888 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone:  (310) 255-6100
Facsimile:  (310) 255-6200

Attorneys for
**TESORO REFINING AND MARKETING COMPANY, LLC**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NORTH OF ENGLAND PROTECTING AND INDEMNITY ASSOCIATION LIMITED, UNITED AFRICA PETROLEUM LIMITED and GENERAL NATIONAL MARITIME TRANSPORT COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>TESORO CORPORATION; AND DOES 1 TO 10 INCLUSIVE,<br><br>Defendants. | Case No. CV13-0956-BRO-MRWx<br><br>**TESORO REFINING AND MARKETING COMPANY, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR ALLEGED NEGLIGENCE** |

## **ANSWER**

As and for its answer to the First Amended Complaint ("FAC") filed by plaintiffs North of England Protecting and Indemnity Association, Limited, United Africa Petroleum Limited and General National Maritime Transport Company (collectively "Plaintiffs"), Defendant Tesoro Refining and Marketing Company, LLC ("Tesoro") admits, denies and alleges as follows:

///

///

## JURISDICTION AND VENUE

1. Tesoro admits that the claim purports to be an admiralty claim involving an incident which occurred on the navigable waterways of the United States. Tesoro admits that the claim involves a controversy exceeding $75,000. Tesoro lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the FAC and on that basis denies said allegations.

2. Tesoro admits the allegations of Paragraph 2 of the FAC concerning the propriety of venue in the Central District of California.

## PARTIES

3. Tesoro lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the FAC and on that basis denies said allegations.

4. Tesoro lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the FAC and on that basis denies said allegations.

5. Tesoro lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the FAC and on that basis denies said allegations.

6. Tesoro lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the FAC and on that basis denies said allegations.

7. Tesoro admits that it is a business entity organized under the laws of the State of Delaware with its principal place of business located at 19100 Ridgewood Parkway, San Antonio, Texas 78259. Tesoro further admits that at all relevant times it was doing business in and had significant contacts with the State of California and the County of Los Angeles.

///

**1**   8.   Tesoro lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the FAC and on that basis denies said allegations.

9.   Tesoro lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the FAC and on that basis denies said allegations.

## GENERAL ALLEGATIONS

10.   Tesoro admits the allegations contained in Paragraph 10 of the FAC.

11.   Tesoro admits that an oil retention boom was deployed at the referenced terminal and denies the remaining allegations contained in Paragraph 11 of the FAC.

12.   Tesoro admits the allegations contained in Paragraph 12 of the FAC.

13.   Tesoro admits that the oil spill resulted from the admitted negligence of the vessel's crewmembers.  Tesoro lacks information sufficient to form a belief as to the truth of the specific allegations contained in Paragraph 13 of the FAC and on that basis denies said allegations.

14.   Tesoro lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the FAC and on that basis denies said allegations.

15.   Tesoro admits that Anastasia Norris, then with the California Department of Fish and Game, issued a report stating that the approximate size of the spill was 1,344 gallons (32.0 barrels).  Tesoro lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the FAC and on that basis denies said allegations.

16.   Tesoro denies the allegations contained in Paragraph 16 of the FAC.

17.   Tesoro denies the allegations contained in Paragraph 17 of the FAC in their entirety.  As a further response to said allegations, Tesoro avers that the only negligence of which it is aware with respect to these issues is that of the vessel's

1  crew members, as admitted and averred by Plaintiffs in Paragraph 13 of the FAC.

2      18.    Tesoro lacks information sufficient to form a belief as to the truth of the alleged clean up expense costs and other claimed damages set forth in Paragraph 18 of the FAC and on that basis denies said allegations. Tesoro expressly denies the remaining allegations set forth in Paragraph 18 of the FAC.

**FIRST CLAIM FOR RELIEF FOR NEGLIGENCE**
**(FAILURE TO PROPERLY BOOM THE VESSEL)**

    19.    Paragraph 19 is a statement rather than an allegation to which any response is required.

    20.    Tesoro admits that an oil retention boom was deployed at the referenced terminal and denies the remaining allegations contained in Paragraph 20 of the FAC.

    21.    Tesoro denies the allegations set forth in Paragraph 21 of the FAC in their entirety. As a further response to said allegations, Tesoro avers that the only negligence of which it is aware with respect to these issues is that of the vessel's crew members, as admitted and averred by Plaintiffs in Paragraph 13 of the FAC.

    22.    Tesoro lacks information sufficient to form a belief as to the truth of the alleged clean up expense costs and other claimed damages contained in Paragraph 22 of the FAC and on that basis denies said allegations. Tesoro expressly denies the remaining allegations set forth in Paragraph 22 of the FAC.

**SECOND CLAIM FOR RELIEF FOR NEGLIGENCE (POST-BOOMING)**

    23.    Paragraph 23 is a statement rather than an allegation to which any response is required.

    24.    Tesoro admits that an oil spill occurred as a result of the admitted negligence of the Vessel's crew and that the spill became known to Tesoro shortly after oil overflowed from the Vessel into the waters of the harbor.

///
///

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

25. Tesoro denies the entirety of the allegations contained in Paragraph 25 of the FAC. As a further response to said allegations, Tesoro avers that the only negligence of which it is aware with respect to these issues is that of the vessel's crew members, as admitted and averred by Plaintiffs in Paragraph 13 of the FAC.

26. Tesoro denies the allegations set forth in Paragraph 26 of the FAC in their entirety. As a further response to said allegations, Tesoro avers that the only negligence of which it is aware with respect to these issues is that of the vessel's crew members, as admitted and averred by Plaintiffs in Paragraph 13 of the FAC.

27. Tesoro lacks information sufficient to form a belief as to the truth of the alleged clean up expense costs and other claimed damages contained in Paragraph 27 of the FAC and on that basis denies said allegations. Tesoro expressly denies the remaining allegations set forth in Paragraph 27 of the FAC.

### PRAYER

28. Tesoro denies that Plaintiffs are entitled to any of the relief sought from Tesoro by way of their prayer.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

29. The FAC, and each claim for relief contained therein, fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Unclean Hands)

30. Plaintiffs are barred from maintaining the FAC or any purported claim contained therein because of Plaintiffs' misconduct constituting unclean hands.

///

## THIRD AFFIRMATIVE DEFENSE

(Waiver)

31. Plaintiffs' claims are barred because they have voluntarily waived any right to maintain the FAC and each purported claim therein by their own acts, omissions and/or conduct.

## FOURTH AFFIRMATIVE DEFENSE

(Third-Party Fault)

32. Plaintiffs' claims are barred because any injury, loss or damage sustained by Plaintiffs, if any, was proximately caused by or contributed to by persons or entities other than Tesoro, over which Tesoro had no authority or control. Tesoro cannot be held liable for injury, loss or damage, if any, caused by such independent persons or entities, whether they are parties to this action or not. Therefore, the damages, if any, recoverable by Plaintiffs must be diminished in proportion to the fault attributable to such other persons and/or entities and in accordance with the limitations on joint and several liability codified in California Civil Code §§ 1431-1431.5.

## FIFTH AFFIRMATIVE DEFENSE

(Mitigation of Damages)

33. Plaintiffs' claims are barred because they have failed to exercise reasonable care and diligence to mitigate their alleged damages. Therefore, any recovery by Plaintiffs, if any, should be barred or reduced to the extent of Plaintiffs' own failure to mitigate.

## SIXTH AFFIRMATIVE DEFENSE

(Estoppel)

34. Plaintiffs are barred, estopped and precluded from recovery herein pursuant to the doctrine of equitable estoppel.

///

///

## SEVENTH AFFIRMATIVE DEFENSE

(Lack of Notice)

35. Plaintiffs' claims are barred because Plaintiffs failed to give Tesoro reasonable notice of any wrongful conduct or damage as alleged in the FAC.

## EIGHTH AFFIRMATIVE DEFENSE

(Superseding Cause)

36. Plaintiffs' claims are barred because the legal fault alleged in the FAC as against Tesoro was not a substantial factor in bringing about the loss and/or damages alleged by Plaintiffs and, therefore, was not a contributing cause, but was superseded by the negligence and/or other legal fault of one or more third parties whose conduct was an independent, intervening and sole cause of any alleged injuries or damages purportedly suffered by Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

(Laches)

37. Plaintiffs are barred, estopped and precluded from recovery herein pursuant to the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

(Lack of Causation)

38. Plaintiffs' claims are barred in that no acts or omissions to act alleged against Tesoro, or any acts or omissions to act on the part of any persons or entities for whose acts or omissions Tesoro is or may have been legally responsible, were a substantial cause or contributed in any manner or to any degree to any losses or damages for which Plaintiffs seek recovery.

## ELEVENTH AFFIRMATIVE DEFENSE

(Consent)

39. Plaintiffs' claims are barred to the extent that they consented to and approved the acts and omissions about which they now complain.

///

## TWELFTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

40. Plaintiffs' claims are barred because Plaintiffs would be unjustly enriched if allowed to recover on any claim set forth in the FAC.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

41. Plaintiffs' claims are barred to the extent that they lack standing to pursue all or any portion of the claims asserted on behalf of the *M/T ALJALAA* to which they assert any right of subrogation in this proceeding.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

42. Plaintiffs' claims are barred because of their failure to join in the FAC all necessary and indispensable parties, without whom the asserted claims cannot fully, finally and completely be resolved.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Responder Immunity)

43. Plaintiffs' claims are barred in that Tesoro is entitled to Responder Immunity under 33 U.S.C. § 1321 (c) (4) and/or California Government Code § 8670.56.6 and/or the common law for actions or omissions taken in the course of rendering care, assistance or advice in response to the subject oil spill incident at issue in the FAC.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Improper Party Defendant)

44. Plaintiffs' claims are barred to the extent that Tesoro Refining and Marketing Company, LLC is not a proper party defendant with respect to the matters alleged in their FAC.

///

///

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Plaintiffs' Fault)

45. Plaintiffs' claims are barred to the extent that any loss, injury, damage or detriment as alleged in the FAC was caused or contributed to by Plaintiffs' negligence and/or other wrongful conduct or that of the parties on whose behalf they purportedly sue. The recovery by Plaintiffs, if any, must be reduced by an amount proportionate to the amount by which the negligence and/or other wrongful conduct of Plaintiffs and/or those on whose behalf they bring this lawsuit caused or contributed to such loss, injury, damage and/or detriment. Tesoro alleges that such proportionate share of fault attributable to Plaintiffs and/or those on behalf they bring this action is one hundred percent (100%).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Failure to Inspect)

46. Plaintiffs' claims are barred to the extent that they or those on whose behalf they purportedly bring this action failed to inspect their surroundings at the time the alleged events purportedly occurred.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Failure to Comply With Terminal Regulations)

47. Plaintiffs' claims are barred to the extent that they or those on whose behalf they purportedly bring this action failed to comply with regulations governing vessels calling at the terminal at which the alleged events purportedly occurred.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Act of God)

48. Plaintiffs' claims are barred to the extent that the alleged injuries or damages complained of were proximately caused by an act of God.

///

///

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Causes Beyond Defendant's Control)

49.  Plaintiffs' claims are barred to the extent that the alleged injuries or damages complained of resulted from risks which were not created by Tesoro and which Tesoro could not reduce or eliminate.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Assumption of Risk)

50.  Plaintiffs' claims are barred to the extent that any loss, injury, damage or detriment as alleged in the FAC was caused or contributed to by their own actions in voluntarily encountering and assuming known risks of harm and proceeding to do the acts and things alleged in the FAC.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(No Agency)

51.  Tesoro denies that it was the agent at any applicable time period of any other party, individual or entity with respect to any of the acts alleged in the FAC.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Compliance With All Applicable Laws)

52.  Plaintiffs' claims are barred because any action or omission by Tesoro which Plaintiffs allege to have given rise to any claimed injury or damage was in compliance with all applicable laws and regulations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

53.  Plaintiffs' claims are barred in that prior payments made by them or on their behalf for the express purpose of reimbursing Tesoro for responding to the subject spill were remitted without any corresponding reservation such that they fully resolve any claims between the parties regarding any aspect of the spill response.

///

1. WHEREFORE, Tesoro prays for judgment as follows:

2. 1. That Plaintiffs take nothing by way of the FAC and that the FAC be dismissed;

3. 2. That Tesoro be awarded its costs and attorney's fees to the extent recoverable; and,

4. 3. For such other and further relief as the Court may deem just and proper in the circumstances.

DATED: August 23, 2013

**FREEMAN, FREEMAN & SMILEY, LLP**

By: ___/s/___
ROBERT S. CROWDER
RUSSELL R. FISK
Attorneys for
**TESORO REFINING AND MARKETING COMPANY, LLC**