1  **NOTE CHANGE TO ORDER AT PARAGRAPH** 8

2

3

4

5

6

7

8

9  **UNITED STATES DISTRICT COURT**

10  **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

11

12  NORTH OF ENGLAND PROTECTING AND INDEMNITY ASSOCIATION LIMITED, UNITED

13  AFRICA PETROLEUM LIMITED and GENERAL NATIONAL MARITIME

14  TRANSPORT COMPANY,

15  Plaintiffs,

16  vs.

17  TESORO REFINING AND MARKETING COMPANY, LLC; and

18  DOES 1 TO 10 INCLUSIVE,

19  Defendants.

Case No. CV13-00956-BRO-MRWx

**IN ADMIRALTY**

**[~~PROPOSED~~] PROTECTIVE ORDER**

[DISCOVERY MATTER]

**Hon. Michael R. Wilner**

20  **PROTECTIVE ORDER**

21  1.  All originals or copies of transcripts of depositions, exhibits, answers to

22  interrogatories and requests for admissions, and all documents, materials, tangible

23  things, and/or information which contain or comprise confidential and sensitive

24  research, trade secret, business development, financial or commercial information

25  (collectively "information") produced either by a party or a non-party to or for any

26  of the parties shall be governed by this Protective Order.  The terms of this

27  Protective Order shall apply to all manner and means of discovery, including entry

28

2052640.1

1 onto land or premises and inspection of books, records, documents, and tangible

2 things.

3       2.      Any information produced by any party or non-party in this action may

4 be designated by any party as "Confidential" (hereinafter referred to as

5 "Confidential Information").  As a general guideline, materials designated

6 "Confidential" shall be those confidential and sensitive things that may be disclosed

7 to the parties for the purpose of the litigation, but which must be protected against

8 disclosure to third parties.  Absent a specific order by this Court, information once

9 designated as "Confidential" shall be used by parties solely in connection with this

10 litigation, and shall not be used for, *inter alia*, any business, competitive, or

11 governmental purpose or function and such information shall not be disclosed to

12 anyone except as provided herein.

13       3.      Any party may invoke the provisions of this Protective Order by

14 designating the documents, information, or portions thereof which he, she or it in

15 good faith considers confidential at the time such documents are produced or such

16 information disclosed, or as soon thereafter as such party becomes aware of the

17 nature of the information or material disclosed and sought to be protected hereunder.

18 In the instance of documents, each page of each such document produced shall be

19 marked "Confidential" by the designating party.  In the instance of depositions,

20 counsel may, in the record of the deposition, designate the transcript or portion

21 thereof as "Confidential."  The witness under deposition or his counsel may invoke

22 the provisions of this Protective Order by giving adequate notice that testimony

23 about to be given is deemed "Confidential."   The designations should be made on

24 the record whenever possible, but a witness or a party may designate portions of a

25 deposition "Confidential" by giving written notice of such designation to each party

26 no later than (30) thirty days following receipt of the deposition transcript.

27       4.      Documents, deposition testimony, or answers to interrogatories

28 stamped "Confidential," or copies or extracts therefrom, and compilations and

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1 summaries thereof, and the information therein, may be given, shown, made

2 available to, or communicated in any way only:

3        a)     To the parties to this lawsuit who execute this Protective Order,

4 including such parties' employees.  Any other parties to this lawsuit who

5 subsequently demand any Confidential Information must execute this Protective

6 Order before such information may be disclosed to them by any person or party

7 subject to this Protective Order;

8        b)     To litigation counsel of record of the parties to this lawsuit who

9 execute this Protective Order, including in-house counsel where applicable, or such

10 counsel's respective members, associates, clerks and employees;

11        c)     To court reporters, discovery referees and mediators hired in

12 connection with this litigation;

13        d)     To independent experts or consultants who have been retained

14 and requested by counsel to furnish technical or expert services or to give technical

15 or expert testimony in connection with this action, provided that such expert or

16 consultant sign in advance an Attachment A of this Protective Order;

17        e)     To the Court, provided that any party wishing to submit or file

18 any Confidential Information with the Court must provide ten days advance notice

19 to the other party of the intent to file such Confidential Information with the Court,

20 to allow the other party an opportunity to seek relief prior to such filing, if

21 appropriate, and provided that any party wishing to submit or file any Confidential

22 Information with the Court must follow the procedure set forth in  Local Rule 79-5

23 of the U.S. District Court for the Central District of California.  With respect to any

24 documents filed under seal or conditionally under seal, they may be reviewed by the

25 Court in camera at any time without request by any party or further order of the

26 Court;

27        f)     subject to release or inspection only by order of the Court or

28 consent of the other party claiming confidentiality as to the particular material;

2052640.1

3

1    g)    To such other persons as hereafter may be designated by written

2  stipulation of the parties filed with the Court or by further order of the Court; and

3    h)    To any deponent during the course of such deponent's deposition

4  in this action, provided that such deponent, if not a party to this action or

5  representative of a party who has executed this Protective Order, sign in advance an

6  Attachment A of this Protective Order.

7    5.    Notwithstanding any other provisions of this Protective Order to the

8  contrary, the confidentiality obligations of this Protective Order shall not apply or

9  shall cease to apply to any information that:

10    a.    At the time of disclosure hereunder, was already in the public domain

11  by publication or otherwise or in the possession of the receiving party;

12    b.    Since the time of disclosure hereunder, has properly become, through

13  no act or failure on the part of the receiving party, part of the public domain by

14  publication or otherwise; or

15    c.    After disclosure hereunder, was acquired by the receiving party from a

16  third party lawfully possessing the same and having no obligation to the designating

17  party hereunder.

18    Nothing contained herein shall prevent any party from disclosing its own

19  Confidential Information or information contained therein as it deems appropriate;

20  provided, however, that such disclosure shall not affect in any way the obligations

21  of persons receiving Confidential Information pursuant to this Protective Order.

22    6.    If any document or information designated to be "Confidential"

23  pursuant to this Protective Order is used during the course of a deposition herein,

24  that portion of the deposition record reflecting such confidential information shall be

25  sealed and stamped with the designated degree of confidentiality upon request of

26  any party pursuant to Paragraph 3, and access thereto shall be limited pursuant to the

27  other terms of this Protective Order.

28    7.    If, at any time during the pendency or trial of this action, counsel for

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  any party claims that counsel for any other party is unreasonably claiming certain

2  information to be confidential, objecting counsel may make an appropriate

3  application to this Court, with confidential portions thereof to be kept under seal,

4  requesting that specifically identified documents, information, and/or deposition

5  testimony be excluded from the provisions of this Protective Order or downgraded

6  in terms of the degree of protection provided.

7  ~~8.      The Court shall address the treatment at trial of documents, information~~

8  ~~or testimony designated "Confidential" pursuant to this Protective Order, unless the~~

9  ~~confidentiality of such information has been removed by agreement of counsel.~~

10  9.      Unless otherwise ordered or agreed in writing by the party designating

11  Confidential Information, after the final termination of this litigation, including any

12  appeals, if a designating party requests in writing the return or destruction of any or

13  all of its Confidential Information to the party that received such Confidential

14  Information, then, within twenty (20) business days of such request, the receiving

15  party must submit a written certification, under penalty of perjury, to the designating

16  party that all Confidential Information was returned or destroyed, including any

17  copies, abstracts, compilations, summaries or other forms of reproducing or

18  capturing any of the Confidential Information.  Notwithstanding this provision,

19  outside counsel for the receiving party may retain an archival set of copies of

20  confidential information.  Any such archival copies that contain or constitute

21  Confidential Information remain subject to this Protective Order.

22  10.     If the designating party should fail to request from the receiving party

23  the return or destruction of Confidential Information as described in Paragraph 9,

24  above, the receiving party may notify the designating party that such material will

25  be destroyed unless, within twenty (20) business days of such notice, the designating

26  party requests that such material be returned to the designating party.  In the event of

27  the receiving party's destruction or return of such material under this proviso, the

28  receiving party shall provide the same certification to the designating party as

2052640.1

5

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  provided for in Paragraph 9, above.

2      11.   The designation of matters as "Confidential" pursuant to this Protective

3  Order shall not constitute any admission or concession by the non-designating party,

4  or any finding or order by the Court, that the documents or information therein are

5  legally protectable proprietary information, intellectual property or trade secrets.

6      12.   The parties acknowledge that this Protective Order was entered into to

7  facilitate the production of documents and information, and that the parties do not

8  waive any objection which they may have presently or which they may determine

9  they have in the future to object to the designation of any document or to object to

10  the nature of the restrictions which this Protective Order imposes on the parties.

11  Further, nothing herein shall prevent a party from seeking any change or

12  modification to this Protective Order, or foreclose any party from requesting any

13  further or additional protective orders.

14      13.   This Protective Order shall be without prejudice to the right of any

15  party to oppose production of any information or to object to its admissibility into

16  evidence on any lawful ground.

17      14.   This Protective Order shall not abrogate or diminish any party's

18  contractual, statutory or other rights or obligation to maintain any information in

19  confidence, if any.  The fact that a given item of information is or is not Confidential

20  Information within the meaning of this Protective Order shall not be admissible in

21  evidence or otherwise considered by the trier of fact in determining whether said

22  information is confidential or proprietary in any way.

23      15.   To the extent that any confidential or protected information is

24  hereinafter admitted or placed into evidence, the Court may issue such additional

25  orders as may be needed to protect the confidentiality of the protected information

26  during or after trial.  This Protective Order may not be modified or terminated, in

27  whole or in part, except by order of this Court (i) for good cause shown, or (ii) upon

28  written stipulation of the parties.  This Protective Order shall survive and remain

2052640.1

[PROPOSED] PROTECTIVE ORDER

1 operative following the termination of this action.  The Court shall retain

2 jurisdiction to enforce or modify this Protective Order.

3    16.    Nothing in this Order shall prevent disclosure as required by law or

4 compelled by order of the Court.  If a party is subpoenaed or receives other lawful

5 process or is ordered to produce Confidential Information, notice of such shall be

6 given within three calendar days to the party that produced the protected information

7 or to that party's attorneys of record in this action.

8    17.    In the event of a violation or threatened violation of this Protective

9 Order, the aggrieved party may immediately seek relief from the Court, as

10 appropriate, to prevent any party or non-party subject to the terms of this Protective

11 Order from violating or threatening to violate any terms of this Protective Order.

12    / / /

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1       18.    This Protective Order shall be binding on the parties hereto when

2 signed regardless of whether or when the Court enters an order hereon. In like

3 manner, this Protective Order shall be binding on all non-parties when said non-

4 parties sign Attachment A of this Protective Order.

5

6                                  **SUBMISSION TO COURT**

7       The Parties agree to submit this Protective Order to the Court for adoption as

8 an order of the Court. The Parties reserve the right to seek, upon good cause,

9 modification of this Protective Order by the Court.

10 **IT IS SO ORDERED.**

11

12

13 DATED: <u>September 26, 2013</u>

14                                  Honorable Michael R. Wilner

                                         United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

2052640.1

8

[PROPOSED] PROTECTIVE ORDER

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>ATTACHMENT A</u>

**NONDISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in the matter before the  U.S. District Court for the Central District of California entitled North of England Protecting and Indemnity Association Limited et al. vs. Tesoro Refining and Marketing Company, LLC, Case No. CV13-00956-BRO-MRWx, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for the purposes of enforcing this order.


Dated: _____        Signed: _____

[PROPOSED] PROTECTIVE ORDER